USDC SDNY
DOCUMENT
ELECTRONICALLY FI'
DOC #:
DATE FILED: 4-5-06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CABLEVISION SYSTEMS NEW YORK CITY
CORPORATION,

         Plaintiff,

- against -

CLINTON PIERCE,

         Defendant.

04 Civ. 9863 (RCC) (GWG)

ORDER ACCEPTING
AND ADOPTING
REPORT AND
RECOMMENDATION

**RICHARD CONWAY CASEY, United States District Judge:**

On December 15, 2004, Cablevision Systems New York City Corporation ("Plaintiff") filed a complaint against Clinton Pierce ("Defendant") seeking damages for the unauthorized interception of Cablevision's telecommunication signal in violation of 47 U.S.C. §§ 553(a)(1) and 605(a) of the Communications Act of 1934. Defendant was served, but did not answer and later, on June 10, 2005, this Court granted Plaintiff's request for a default judgment and referred the case to Magistrate Judge Gorenstein for an inquest regarding damages.

Judge Gorenstein solicited findings of law and fact from both parties but only received a response from Plaintiff. By Report and Recommendation dated October 27, 2005 ("Report"), Judge Gorenstein recommended that the statutory maximum penalty be assessed against Defendant ($10,000) and that Plaintiff be awarded attorneys fees of $2,885.50.

In conformity with United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997), Rule 72(b) of the Federal Rules of Civil Procedure, and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), Judge Gorenstein explicitly cautioned that any objections to the Report were to be received within 10 days and that failure to file timely objections to the Report would constitute a waiver of any objections.

As of the date of this Order, the Court has not received any objections to the Report. A court may adopt those portions of a magistrate judge's report and recommendation that are not the product of clear error and to which the parties do not object. Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991); see also 28 U.S.C. § 636(b)(1). Having carefully reviewed the file in this matter, the Court is satisfied that there is no clear error on the face of the Report.

Accordingly, the Court accepts and adopts the Report in its entirety. The Clerk of the Court is directed to close the case and to remove it from the Court's active docket.

**So Ordered:** New York, New York
April 4, 2006

**Richard Conway Casey, U.S.D.J.**

2